IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nautilus Insurance Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SATO Enterprises, Inc. D/B/A Tsubaki Karaoke Bar & Lounge,<br><br>　　　　　Defendant. | Civil Action No. __3:24-7703-MGL__<br><br>**COMPLAINT**<br><br>**(Declaratory Judgment for Reformation)**<br><br>(Non-Jury) |

Plaintiff Nautilus Insurance Company, by and through its undersigned counsel, complaining of Defendant SATO Enterprises D/B/A Tsubaki Karaoke Bar & Lounge, alleges and would show as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. There is a real and justiciable controversy between the parties, the parties are interested parties, and Plaintiff Nautilus Insurance Company ("Plaintiff" or "NIC") asks the Court to declare the rights and obligations of the parties.

2. The Court's declaration will confer certainty on the parties and serve the interests of justice.

## PARTIES

3. NIC is an insurance company organized and existing under the laws of the State of Arizona, with its principal place of business in the State of Arizona. NIC is an eligible surplus lines insurer whose policies are sold and delivered in South Carolina.

4. Upon information and belief, SATO Enterprises, Inc. ("SATO") is a South Carolina corporation with its principal place of business in Columbia, South Carolina.

5. Upon information and belief, SATO does business as Tsubaki Karaoke Bar & Lounge ("Tsubaki") located at 9400 Two Notch Road, Suite E, Columbia, South Carolina 29223.

6. SATO d/b/a Tsubaki is referred to as "Tsubaki" and "Defendant" throughout this complaint.

7. Jurisdiction exists because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy, including the potential costs of defending and indemnifying any potential insureds in the underlying dispute, potentially exceeds $75,000.00. Thus, this Court has jurisdiction based upon 28 U.S.C. § 1332(a).

8. Venue is appropriate under 28 U.S.C. § 1391 because this lawsuit seeks a declaration from the Court reforming an insurance policy issued by Plaintiff to Defendant at an address in Columbia, South Carolina and insuring its business in Columbia, South Carolina.

## FACTUAL BACKGROUND

**A.  Underlying Lawsuit**

9. This declaratory judgment action arises out of claims involving alleged harassment and an ensuing altercation involving a shooting in the Tsubaki parking lot on August 1, 2021.

10. On May 1, 2023, Yolanda Cora and Jacob Cora ("Underlying Plaintiffs") filed a Summons and Complaint in the Court of Common Pleas for Richland County, South Carolina, Case No. 2023-CP-40-02223 ("Underlying Lawsuit"). A true and correct copy of the Complaint is attached as **Exhibit A**, the allegations of which are incorporated herein by reference.

11. According to the Complaint, Underlying Plaintiffs were patrons at Tsubaki on August 1, 2021 when another customer began harassing them and inappropriately touching

Yolanda Cora, which prompted a verbal altercation between Underlying Plaintiffs and the other customer. *See* Exhibit A, ¶¶1-3.

12. Allegedly fearing for their safety, Underlying Plaintiffs left Tsubaki but were again confronted by the other customer in the parking lot, and he continued to harass and intimidate them. *See id*. at ¶¶5-6.

13. The other customer's friend, Jaquan Leon King, was allegedly armed with a gun and waiting in the parking lot and, during the course of the continued harassment and altercation, he drew his weapon and shot both Underlying Plaintiffs causing them severe and life-threatening injuries. *See id*. at ¶¶7-9.

14. Underlying Plaintiffs allege Defendant failed to protect them and secure the premises from dangerous third parties and criminal attacks and, as a result of Defendant's acts and omissions, Underlying Plaintiffs were assaulted and shot. *See id*. at ¶¶25-29.

15. NIC is providing Defendant with a defense in the Underlying Lawsuit subject to a full and complete reservation of rights under its policies.

**B.     The Policies**

16. NIC issued a commercial lines policy, bearing policy number NN866548, for policy period November 21, 2017 to November 21, 2018 ("the 2017-2018 policy"). A true and correct copy of the 2017-2018 policy is attached as **Exhibit B** and incorporated herein by reference.

17. The 2017-2018 policy was renewed, bearing policy number NN989155, for policy period November 21, 2018 to November 21, 2019 ("the 2018-2019 policy"). A true and correct copy of the 2018-2019 policy is attached as **Exhibit C** and incorporated herein by reference.

18. The 2018-2019 policy was renewed, bearing policy number NN1024527, for policy period November 21, 2019 to November 21, 2020 ("the 2019-2020 policy"). A true and correct

copy of the 2019-2020 policy is attached as **Exhibit D** and incorporated herein by reference.

19. The 2019-2020 policy was renewed, bearing policy number NN1178403, for policy period November 21, 2020 to November 21, 2021 ("the 2020-2021 policy"). A true and correct copy of the 2020-2021 policy is attached as **Exhibit E** and incorporated herein by reference.

20. The 2017-2018, 2018-2019, 2019-2020 and 2020-2021 policies are collectively referred to as the "NIC policies" throughout this Complaint.

21. The NIC policies were all intended to be renewal policies affording identical coverage and containing identical exclusions and endorsements.

22. The 2017-2018, 2018-2019 and 2019-2020 policies all include Form L210 (02/08) Exclusion – All Assault or Battery which provides, in relevant part, as follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – ALL ASSAULT OR BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability**, **Coverage B – Personal And Advertising Injury Liability**, and **Coverage C – Medical Payments**:

Regardless of culpability or intent of any person, this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:

   **1.**   Actual or alleged assault or battery;

   **2.**   Physical altercation; or

   **3.**   Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.

This exclusion applies regardless of whether such actual or alleged damages

are caused by any:

1. Insured;

2. "Employee";

3. Patron; or

4. Any other person; and

whether or not such damages occurred at any premises owned or occupied by any insured.

This exclusion applies to:

1. All causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery, or physical altercation.

2. Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes coverage claims or "suits" for:

   a. Emotional distress for loss of society, services, consortium or income; or

   b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

3. Any obligation to share damages with or repay someone who must pay damages because of the injury.

**B.** We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery, or physical altercation.

*See* Exhibits B-D, Form L210 (02/08).

23. Because of an inadvertent mistake, the 2020-2021 policy did not include Form L210 (02/08) Exclusion – All Assault or Battery.

24. Both NIC and Defendant intended the 2020-2021 policy to include Form L210 (02/08) Exclusion – All Assault or Battery, like the 2017-2018, 2018-2019 and 2019-2020 policies.

25. This intent is evidenced through communications regarding the 2020-2021 policy between the underwriter and the insurance agent for Defendant, including:

    a. A quote sent by the underwriter for NIC to the insurance agent for Defendant for insurance through NIC dated August 31, 2020, which includes the Assault and Battery as an exclusion on page 1. This quote is attached hereto as Exhibit F.

    b. A quote sent by the underwriter for NIC to the insurance agent for Defendant for insurance through NIC dated September 16, 2020, which includes the Assault and Battery as an exclusion on page 1. This quote is attached hereto as Exhibit G.

    c. A quote sent by the underwriter for NIC to the insurance agent for Defendant for insurance through NIC dated November 16, 2020, which includes the Assault and Battery as an exclusion on page 1. This quote is attached hereto as Exhibit H.

    d. The Binder Summary Sheet for the 2020-2021 policy sent to the insurance agent for Defendant, which includes the Assault and Battery as an exclusion on page 2. This Binder Summary Sheet is attached hereto as Exhibit I.

26. The Binder Summary Sheet also states,

> Any policy issued subsequent to this binder will be per the terms, coverages, limits and forms outlined in this binder. Differences in terms, coverages, limits and forms received on any application will NOT revise, change or update the policy at time of issuance. Any changes to this binder and any subsequent policy must be requested in writing by a separate request and any changes must be made by endorsement.

27. NIC did not receive any written request for changes to the 2020-2021 to remove the assault and battery exclusion from the 2020-2021 policy.

28. Additionally, Defendant affirmed its agreement with the Binder by paying the listed

premium by check on November 13, 2020. This check is attached hereto as Exhibit J.

29. Defendant did not request new, different or additional coverage when the 2020-2021 policy was renewed.

30. Defendant did not pay an additional premium for new, different or additional coverage under the 2020-2021 policy.

31. NIC is entitled to a judicial declaration reforming the 2020-2021 policy to include Form L210 (02/08) Exclusion – All Assault or Battery, as intended by both parties.

**FOR A FIRST DECLARATION**
**(Reformation)**

32. The allegations contained in the paragraphs above, to the extent not inconsistent herewith, are incorporated as if fully stated herein.

33. NIC issued the 2017-2018, 2018-2019 and 2019-2020 policies to Defendant containing Form L210 (02/08) Exclusion – All Assault or Battery.

34. Because of an inadvertent mistake, the 2020-2021 policy did not include Form L210 (02/08) Exclusion – All Assault or Battery.

35. NIC and Defendant intended the 2020-2021 policy to include Form L210 (02/08) Exclusion – All Assault or Battery.

36. Accordingly, NIC seeks a declaration from this Court that the 2020-2021 is reformed to include Form L210 (02/08) Exclusion – All Assault or Battery.

**WHEREFORE,** NIC prays that the Court enter an Order declaring the rights of the parties as follows:

  a. The 2020-2021 policy issued by NIC to Defendant is reformed to include Form L210 (02/08) Exclusion – All Assault or Battery; and

  b. NIC prays that the Court award the costs of the action and any such other and further relief as this Court shall deem just and proper.

            **GALLIVAN, WHITE & BOYD, P.A.**

            <u>s/Shelley Sunderman Montague</u>
            Shelley Sunderman Montague, Fed. Bar # 07587
            Kendall P. Crawford, Fed. Bar # 13565
            Post Office Box 7368
            Columbia, South Carolina 29202
            Telephone: 803-779-1833
            Facsimile: 803-779-1767
            smontague@GWBlawfirm.com
            kcrawford@GWBlawfirm.com

            ***Attorneys for Nautilus Insurance Company***

Columbia, South Carolina
December 30, 2024